**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRIDGET FROELICH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TINDER, INC.,<br><br>Defendant. | Case No. ____________<br><br>Honorable ___________ |

**NOTICE OF REMOVAL**

Match Group, LLC, the successor in interest to Tinder, Inc.,[1] hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## I. BACKGROUND

1. On February 8, 2024, Plaintiff Bridget Froelich, individually and on behalf of all others similarly situated, filed in the Circuit Court of Cook County a three-count class action complaint, captioned *Froelich v. Tinder, Inc.*, No. 2024CH00824, asserting claims for violations of the Illinois Biometric Information Privacy Act ("BIPA"), sections 15(a) (Count I); section 15(b) (Count II); and section 15(d) (Count III). 740 ILCS 14/15(a), (b), (d). Attached as Exhibit A is a true and accurate copy of the state-court complaint, along with all other process, pleadings, and orders with which Defendant has been served.

[1] Plaintiff named "Tinder, Inc." as the defendant in this action. However, Tinder, Inc. has not existed as a corporate entity since around July 2017. *See infra* ¶¶ 14–15. Match Group, LLC is the assignee of Tinder, Inc.'s assets and liabilities. *Id.* ¶ 15. Accordingly, Tinder, Inc. is not a proper defendant and does not concede that it is, nor does it waive any argument to the contrary.

2. Plaintiff alleges that she is a user of the Tinder online dating application.[2] Ex. A, Complaint ("Compl.") ¶¶ 2, 27. Plaintiff claims that when she uploaded photos to the Tinder service, Defendant collected her biometric facial identifiers without her authorization, and without informing her of Defendant's data retention policy. *Id.* ¶¶ 28–43. Plaintiff also claims that Defendant "disclosed, redisclosed, or otherwise disseminated" her biometric information without her consent, without authorization to complete a financial transaction on her behalf, and not pursuant to a valid warrant or subpoena or other applicable legal obligation. *Id*. ¶ 44. Based on this alleged conduct, Plaintiff claims that Defendant violated BIPA section 15(a), which requires entities in possession of biometric information to establish and comply with a public data retention policy; section 15(b), which prohibits the collection of biometric information without an individual's informed, written consent; and section 15(d), which generally prohibits the disclosure of biometric information to a third party without that person or a valid representative's consent unless an enumerated exception applies. *See id.* ¶¶ 55–61, 63–69, 71–73; *see also* 740 ILCS 14/15.

3. Plaintiff seeks statutory damages of $5,000 for each violation of BIPA Sections 15(a), 15(b), and 15(d). *Id.* at 14. Plaintiff also seeks attorneys' fees and costs. *Id.*

4. Plaintiff seeks to represent the following class of individuals:

> All Illinois residents who had their biometric information collected by Tinder, Inc. while using the application Tinder at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").

Compl. ¶ 48.

## II. GROUNDS FOR REMOVAL

### A. The procedural requirements for removal are met.

5. Defendant received a copy of the Complaint on February 13, 2024. Removal is timely because this Notice of Removal is filed within 30 days of Defendant's receipt of the

---

[2] In filing this Notice of Removal, Defendant does not waive, and expressly reserve, all rights, claims, and defenses, and does not admit any of the allegations in Plaintiff's Complaint.

Complaint. *See* 28 U.S.C. § 1446(b)(1). Match Group, LLC, as successor of Tinder, Inc., is the only defendant in the state-court litigation.[3]

6. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division, is the District Court of the United States for the district and division embracing the state-court action filed by Plaintiff in Cook County, Illinois. *See* 28 U.S.C. §§ 1441(a), 93(a)(1).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in state court are attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to all parties and will file a notice in the Circuit Court of Cook County.

9. This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because minimal diversity exists, there are more than 100 putative class members, and the amount in controversy exceeds $5 million.

**B. Removal is proper based on CAFA jurisdiction under § 1332(d).**

10. This Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. § 1332(d). CAFA substantially expanded federal jurisdiction over diversity class actions, creating federal subject matter jurisdiction where: (1) a class has 100 or more class members; (2) there is "minimal diversity" in that "at least one class member is diverse from at least one defendant;" and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. *Roppo v. Travelers Com. Ins.*, 869 F.3d 568, 578 (7th Cir. 2017).

11. Accepting the allegations of the complaint for purposes of removal,[4] all three requirements for CAFA jurisdiction are met here.

---

[3] *See supra* note 1; *see also infra*, ¶ 15.

[4] "[T]he state court defendant need only follow the general pleading requirements of Federal Rule of Civil Procedure 8(a) when filing a notice of removal." *Castillo v. Snyders*, 497 F. Supp. 3d 299, 301–02 (N.D. Ill. 2020) (citing *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018)); *see also Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846–47 (N.D. Cal. 2012) ("[r]emoval does not serve as

**i. Defendant's citizenship is determined by Match Group, LLC, the successor in interest to Tinder, Inc.**

12. To assess diversity jurisdiction in a removed case, courts "look at the parties' citizenship not only when the suit was filed in state court, but also when it was removed." *Gravdahl v. Conwell*, No. 00 C 0579, 2002 WL 398599, at *1 (N.D. Ill. Mar. 14, 2002).

13. However, courts should not assess diversity jurisdiction based on the citizenship of a *named* party if that party no longer exists because it was absorbed into another entity through a merger. *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prod. Liab. Litig.*, 692 F. Supp. 2d 1025, 1029 n.1 (S.D. Ill. 2010) (denying motion to remand on the basis of the citizenship of a non-existent entity absorbed by a prior merger), *aff'd sub nom. Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011). That is because "in the event of a merger, the separate existence of the constituent corporation ... ceases at the time of the merger and the constituent corporation's identity is absorbed into that of a new corporation or into the corporation with which it was merged." *Id.; see also Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975) ("[A]fter a foreign corporation merges into a Delaware corporation, the surviving corporation for diversity jurisdiction is a citizen of Delaware."); *El Chico Rests., Inc. v. Aetna Cas. & Sur. Co.*, 980 F. Supp. 1474, 1482 (S.D. Ga. 1997) ("When one corporation is merged into another the citizenship of the survivor corporation governs for diversity purposes."). Instead, the Court must look to the successor in interest of the defunct party. *See, e.g.*, *In re Yasmin & Yaz*, 692 F. Supp. 2d at 1029 n.1.

14. Tinder, Inc. has not existed as a corporate entity for nearly seven years. *See* Exhibit B, Declaration of Laurie Braddock ("Braddock Decl.") ¶ 2. Around July 2017, Tinder, Inc. merged with and into Match Group, Inc. *Id.* As one transaction ancillary to the merger, Match Group, Inc.

---

an admission" of the plaintiffs' allegations that the action is suitable for class treatment); *Armstrong v. Michaels Stores, Inc.*, No. 17-CV-06540-LHK, 2018 WL 6505997, at *10 (N.D. Cal. Dec. 11, 2018) (finding removal under CAFA cannot constitute waiver because such class actions are "subject to the original jurisdiction" of federal courts and thus "can only be heard in federal court"), *aff'd*, 59 F.4th 1011 (9th Cir. 2023).

assigned all of Tinder, Inc.'s assets and liabilities to one of Match Group, Inc.'s subsidiaries, Match.com, L.L.C. *Id.* Shortly thereafter, Match.com, L.L.C. changed its name to Match Group, LLC. *Id.* Match Group, LLC remained, and is currently, a subsidiary of Match Group, Inc. and is the assignee of Tinder, Inc.'s assets and liabilities. *Id.*

15. Tinder, Inc. therefore did not exist as an entity either at the time that Plaintiff filed this Complaint nor at the time of removal, and during both relevant times, Match Group, LLC was Tinder, Inc.'s successor in interest. *See id.* ¶ 2; *see also Sanfilippo v. Tinder, Inc.*, No. 2:18-cv-08372-AB (JEMx), 2018 WL 6681197, at *4 (C.D. Cal. Dec. 18, 2018) ("Tinder does not exist as a result of the merger and its citizenship is not relevant for the current inquiry. Defendant [Match Group LLC] is the successor of Tinder's assets and liabilities and the surviving entity resulting from the merger."), *aff'd sub nom. Sanfilippo v. Match Grp. LLC*, No. 20-55819, 2021 WL 4440337 (9th Cir. Sept. 28, 2021). The court faced this identical situation in *Sanfilippo*. 2018 WL 6681197. There, the court denied plaintiff's motion to remand on the theory that the place of incorporation of named-defendant Tinder, Inc. mattered for purposes of diversity-jurisdiction analysis. *Id.* at *1–4. The *Sanfilippo* court determined that Tinder, Inc. did not survive its 2017 merger and that Match Group, LLC was its successor in interest. *Id.* at *3. Accordingly, the *Sanfilippo* court looked to the citizenship of Match Group, LLC to analyze diversity jurisdiction. *Id.* at *3–4. The Court should do the same here.

**ii. Match Group, LLC is a citizen of Delaware and Texas, and Plaintiff and the purported class are not.**

16. For purposes of CAFA, an unincorporated association such as a limited liability company is a citizen both of the state where it has its principal place of business and under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10); *see also City of East St. Louis v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) ("[Section] 1332(d)(10) tells us that, for the purpose of § 1332(d), an unincorporated entity is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the investors' citizenship ignored.").

17. As previously discussed, Defendant's citizenship is determined by Match Group, LLC because Tinder, Inc. no longer exists. *Supra* ¶¶ 13–15. Match Group, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas. *See* Braddock Decl. ¶ 3. Accordingly, it is a citizen of the states of Delaware and Texas. *See City of East St. Louis*, 83 F.4th at 1071; *see also Sanfilippo,* 2018 WL 6681197, at *4.[5]

18. For purposes of analyzing CAFA's diversity requirement, an individual is a citizen of the state where he or she is domiciled. *See, e.g.*, *Pollution Control Indus. of America, Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir.1994). Plaintiff alleges she is an Illinois resident. Compl. ¶ 20.

19. Because at least one class member is diverse from at least one defendant, the requirement of minimal diversity is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**iii. There are more than 100 class members in the proposed class.**

20. Second, CAFA's requirement that the proposed class consist of more than 100 class members is also satisfied. 28 U.S.C. § 1332(d)(5)(B). Plaintiff asserts "there are more than 1,000 people who satisfy the definition of the Class." *Id.* ¶ 50. This requirement is satisfied.

**iv. The amount in controversy requirement is met.**

21. Finally, CAFA's amount in controversy is met. 28 U.S.C. § 1332(d)(6). As to CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The removal burden is not daunting, as courts recognize that under this standard, a removing defendant needs to provide only a 'good-faith estimate' that is 'plausible and adequately supported by the evidence.'" *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022) (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). "The party seeking removal does not need to establish what

[5] Even if the Court were to evaluate the citizenship of Tinder, Inc., Plaintiff has alleged that it is a Delaware corporation with its principal place of business in Dallas, Texas, (Compl. ¶ 25) such that there would still be minimal diversity between the parties.

damages the plaintiff will recover, but only how much is in controversy between the parties," and the removing party need not confess liability to show the controversy exceeds the jurisdictional threshold. *Roppo*, 869 F.3d at 579 (citations and quotation marks omitted).

22. Here, Plaintiff alleges that there are "more than 1,000" class members, (*see* Compl. ¶ 50) and she seeks statutory damages of $5,000 for each violation of BIPA Sections 15(a), 15(b), and 15(d). *See* Compl. at 14. Accordingly, Plaintiff's alleged putative class of at least 1,001 members each alleging three violations of BIPA and each seeking $5,000 in statutory damages per violation collectively seek damages of over $5 million—meeting CAFA's jurisdictional threshold.

23. On top of statutory damages that exceed the amount in controversy, Plaintiff and the putative class members seek attorneys' fees and costs. *See* Compl. at 14; *see also* 740 ILCS 14/20(3) (prevailing parties may recover "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" under BIPA). "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Thus, in calculating the amount in controversy, this Court may consider the attorneys' fees that Plaintiff's legal team has incurred for investigating her claims, preparing, and filing the Complaint, and other pre-removal tasks. While Defendant cannot know precisely the fees incurred, this Court should assume that those fees are likely to be substantial and, when combined with the alleged statutory damages, easily in excess of the jurisdictional amount.

24. Therefore, accepting Plaintiff's allegations as true solely for purposes of determining removal under § 1332(d), the amount in controversy exceeds $5 million, and the requirements for CAFA jurisdiction are met.

WHEREFORE, Match Group, LLC, the successor of Tinder, Inc., hereby removes this action to this Court under this Court's CAFA jurisdiction.

****

By: /s/ Daniel T. Burley
Daniel T. Burley

*Attorney for Defendant*

Nicola Menaldo
NMenaldo@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000

Hayden M. Schottlaender
HSchottlaender@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700

Daniel T. Burley, Bar No. 6329492
DBurley@perkinscoie.com
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: 312.324.8400

*Attorneys for Defendant*

Dated: March 12, 2024

## CERTIFICATE OF SERVICE

I, Daniel T. Burley, certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also certify that I served the foregoing by email to the following attorneys:

Michael L. Fradin
FRADIN LAW, LLC
8401 Crawford Avenue, Suite 104
Skokie, IL 60076
Telephone: 847-986-5889
Email: mike@fradinlaw.com

James L. Simon
SIMON LAW CO.
11½ North Franklin Street,
Chagrin Falls, Ohio 44022
Telephone: 216-816-8696
Email: james@simonsayspay.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of March, 2024.

*/s/ Daniel T. Burley*
Daniel T. Burley
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Phone: +1.312.324.8400