# Exhibit A

FILED
2/8/2024 12:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00824
Calendar, 2
26329460

# STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
### CHANCERY DIVISION

2024CH00824

| | |
|---|---|
| Bridget Froelich, individually, and on behalf of all others similarly situated, | ) Case No. _____ |
| | ) |
| Plaintiff, | ) **CLASS ACTION** |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| Tinder, Inc. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Bridget Froelich ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, and pursuant to 735 ILCS §§ 5/2-801 and 740 ILCS § 740/14/15, against Defendant Tinder, Inc. ("Tinder" or "Defendant") to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts, and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Tinder is an internet-based dating and social networking service and application which advertises itself as the world's most popular dating "app" with 55 billion matches to date.

2. Plaintiff opened a Tinder account in 2023.

- 1 -

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

3.      Tinder requests all its users, including Plaintiff, to verify their identities and invites them to take part in the "ID + Photo Verification" process.

4.      The Photo Verification process prompts Tinder users to upload a video "selfie" of their face.

5.      Tinder uses facial recognition technology to scan the "selfie" video uploaded and to create a biometric template of the user's face by extracting facial geometrics to create a unique "template" that is specific to each individual. Tinder then compares the user's facial biometric template to the photographs which the user posted on their online dating profile to ensure it is the same individual.

6.      The ID Check involves the user uploading a government issued identification document (i.e., a passport, national ID card, or driver's license). Tinder then uses facial recognition technology to scan the ID and confirm that the ID matches the facial geometry "template" in the Photo Verification portion and the profile pictures.

7.      Tinder invites users to utilize the "ID + Photo Verification" process by awarding "badges" to those who choose to engage in the process, signaling to other users that they are "ID+ Photo Verified".

8.      Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Tinder's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Tinder, or their third-party affiliates, database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Tinder users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

9.    Tinder collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data to, amongst other things, further enhance Tinder and its online dating platform.

10.    The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

11.    Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

12.    In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Tinder, Inc. may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

13.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

- 3 -

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

14.     Specifically, upon information and belief, Tinder has created, collected, disseminated, and stored thousands of "face templates" (highly detailed geometric maps of the face) from countless Illinois residents whose selfies were collected by Tinder.

15.     Each face template that Tinder extracts are unique to a particular individual in the same way that a fingerprint or voiceprint identifies an individual.

16.     Tinder is a "private entity" as that term is broadly defined by BIPA and is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

17.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendant acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## JURISDICTION AND VENUE

18.      This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS § 14/1 *et seq*.) brought pursuant to 735 ILCS §§ 5/2-801, 2-802 seeking statutory damages.

19.     Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this action occurred within this judicial district.

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

20.     At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were in the state of Illinois.

21.     Tinder markets directly to Illinois residents and does substantial business with users located in and residing within the State of Illinois.

22.     Tinder's marketing efforts include, but are not limited to, Facebook ads, Instagram ads, and other social media marketing campaigns targeted specifically at individuals residing within the City of Chicago and State of Illinois.

25.     At all relevant times, Tinder, Inc. is a Delaware corporation with its principal place of business located in Dallas, Texas.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

26.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27.     Plaintiff opened a Tinder account within the five years immediately preceding the filing of this Complaint.

28.     Tinder requests all its users, including Plaintiff, to verify their identities and invites them to take part in the "ID + Photo Verification" process.

29.     The Photo Verification process prompts Tinder users to upload a video "selfie" of their face.

30.     Tinder uses facial recognition technology to scan the "selfie" video uploaded and to create a biometric template of the user's face by extracting facial geometrics to create a unique "template" that is specific to each individual. Tinder then compares the user's facial biometric

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

template to the photographs which the user posted on their online dating profile to ensure it is the same individual.

31. The ID Check involves the user uploading a government issued identification document (i.e., a passport, national ID card, or driver's license). Tinder then uses facial recognition technology to scan the ID and confirm that the ID matches the facial geometry "template" in the Photo Verification portion and the profile pictures.

32. Tinder invites users to utilize the "ID + Photo Verification" process by awarding "badges" to those who choose to engage in the process, signaling to other users that they are ID+ Photo Verified.

33. In other words, Tinder collected and retained biometric information for the purpose of verifying Plaintiff's identity.

34. At the time of collecting and retaining Plaintiff's biometric information Tinder had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Tinder, whichever occurs first.

35. Ostensibly, the purpose of Tinder's collection of Plaintiff's facial geometry was to verify Plaintiff's identity.

36. As such, Plaintiff's facial geometry should have been permanently destroyed by Defendant following the verification of Plaintiff's identity.

37. However, Tinder failed to permanently destroy Plaintiff's facial geometry following the verification of Plaintiff's identity and instead retained Plaintiff's biometric information.

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

38.     As such, Tinder's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

39.     Tinder did not inform Plaintiff in writing that it was collecting or storing her biometric information.

40.     Instead, Tinder simply instructed Plaintiff to upload her "selfie" video as part of the overall "Photo Verification" process.

41.     In fact, Tinder made no mention of biometric information, collection of biometric information, or storage of biometric information.

42.     Moreover, Tinder did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

43.     Tinder collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which she consented to or authorized Defendant to do same.

44.     Additionally, Tinder disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

45.     Upon information and belief, Tinder disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to numerous third-party service providers for Tinder's business purposes, including but not limited to, third party providers that provide business services to Tinder, providers that provide professional services to Tinder, and third-party service providers that provide technical support functions to Tinder such as Amazon Web Services.

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

46.     Tinder's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Tinder's policies and procedures which Tinder applies to all its users, including the Class Members.

## CLASS DEFINITIONS AND ALLEGATIONS

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     Plaintiff brings Claims for Relief in violation of BIPA as a class action under 735 ILCS §§ 5/2-801 and 2-802. Plaintiff brings these claims on behalf of himself and all members of the following Class:

> **All Illinois residents who had their biometric information collected by Tinder, Inc. while using the application Tinder at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

49.     In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

50.     **Numerosity:** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

51.     **Existence of Common Questions of Law and Fact:** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a.     Whether Tinder possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or

information has been satisfied or within 3 years of the individual's last interaction with Tinder, whichever occurs first.

b.        Whether Tinder collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c.        Whether Tinder disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

d.        The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

52.        **Adequacy:** Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had her biometric identifiers and biometric information collected, retained or otherwise possessed by Tinder without Tinder's adherence to the requirements of BIPA as detailed herein. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

FILED DATE: 2/8/2024 12:55 PM    2024CH00824

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

53.     **Predominance and Superiority of Class Action:** Class certification is appropriate because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Tinder's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Tinder's practices.

## <u>COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)</u>

**(Brought by Plaintiff on behalf of himself and the Class Members against Defendant)**

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

56.     Defendant collected Plaintiff's and the Class Members facial geometry scans and created biometric templates of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

57.     At all relevant times, Defendant had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

58.     Ostensibly, the purpose of Defendant's collection of Plaintiff's and the Class Members' facial geometry was to verify Plaintiff's and the Class Members' identities prior to verifying a Tinder account in their names and the purpose of Defendant's collection Plaintiff's and the Class Members' geometric facial scans was to verify Plaintiff's and the Class Members' identities when they logged into the Tinder mobile app.

59.     As such, Plaintiff's and the Class Members' facial geometry should have been permanently destroyed by Defendant following the verification of their Tinder accounts.

60.     However, Defendant failed to permanently destroy Plaintiff's and the Class Members' biometric information following the verification of their Tinder accounts and instead retained Plaintiff's and the Class Members' biometric information.

61.     As such, Defendant's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq*.; (3)  statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or

alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

### COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

**(Brought by Plaintiff on behalf of himself and the Class Members against Defendant)**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

64.     Defendant did not inform Plaintiff and the Class Members in writing that Defendant was collecting or storing their biometric information.

65.     Instead, Defendant simply instructed Plaintiff and the Class Members to upload their "selfies" as part of the overall Photo Verification process.

66.     In fact, Defendant made no mention of biometric information, collection of biometric information, or storage of biometric information.

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

67.     Moreover, Defendant did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

68.     Defendant collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize Defendant to do same.

69.     As such, Defendant's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

**(Brought by Plaintiff on behalf of himself and the Class Members against Defendant)**

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

- 13 -

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

72.     While discovery will ascertain all of the ways in which Defendant disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Defendant disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information to numerous third party service providers for Defendant's business purposes, including but not limited to, third party providers that provide business services to Defendant, third party service providers that provide professional services to Defendant, and third party service providers that provide technical support functions to Defendant.

73.     Defendant's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq.*; (3)  statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages;

- 14 -

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

and (6) for any other relief the Court deems appropriate.

Dated: February 8, 2024

Respectfully submitted,

**FRADIN LAW, LLC**

By: _/s/ Michael L. Fradin_
Michael L. Fradin, Esq
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

**SIMON LAW CO.**

By: _/s/ James L. Simon_
James L. Simon (pro hac vice
forthcoming)
Simon Law Co.
11 1/2 N. Franklin Street,
Chagrin Falls, Ohio 44022.
Telephone: (216) 816-8696
james@simonsayspay.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Cases 1:24-cv-02075 Document #: 1-1 Filed: 03/12/24 Page 17 of 20 PageID #:26

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|

**Cook** COUNTY

FILED
2/8/2024 12:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00824
Calendar, 2
26329460

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

Bridget Froelich
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Tinder, Inc.
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

Hearing Date: 6/13/2024 10:00 AM
Location: Court Room 2601
Judge: Chupack, Joel

**Case Number**
2024CH00824

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1.** **Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*: Tinder, Inc.
Registered Agent's name, if any: The Corporation Trust Company
Street Address, Unit #: 1209 Orange St.
City, State, ZIP: Wilmington, DE 19801
Telephone: ___ Email: ___

In **1b**, enter a second address for Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: ___
Street Address, Unit #: ___
City, State, ZIP: ___
Telephone: ___ Email: ___

In **1c**, check how you are sending your documents to Defendant/ Respondent.

c. Method of service on Defendant/Respondent:
☐ Sheriff ☐ Sheriff outside Illinois: ___ *County & State*
☐ Special process server ☐ Licensed private detective

FILED DATE: 2/8/2024 12:55 PM   2024CH00824

| | 2. | **Information about the lawsuit:** |
|---|---|---|

In **2**, enter the amount of money owed to you.

Amount claimed:  $ _____

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3.   Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:   Michael L. Fradin

Street Address, Unit #:   8401 Crawford Ave. Ste. 104

City, State, ZIP:   Skokie, IL 60076

Telephone:  (847) 986-5889          Email:   mike@fradinlaw.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/.

---

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4.   Instructions for person receiving this Summons (Defendant):**

☑ a.   To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:

Address:   50 West Washington Street (Richard J. Daley Center - Chancery Division)

City, State, ZIP:   Chicago, IL 60602

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

☐ b.   Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
    *Date*            *Time*                     *Courtroom*

In-person at:

_____
*Courthouse Address*      *City*          *State*       *ZIP*
OR

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                     *Call-in number for telephone remote appearance*

By video conference: _____
                         *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                        *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
   *Website*

---

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** _____
          2/8/2024 12:55 PM IRIS Y. MARTINEZ

**Clerk of the Court:** _____

*Seal of Court*

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
        *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

---

<table>
<tr><td colspan="2"><strong>STATE OF ILLINOIS,<br>CIRCUIT COURT</strong><br><br><u>Cook</u>    <strong>COUNTY</strong></td><td><strong>PROOF OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION</strong></td><td><em>For Court Use Only</em></td></tr>
</table>

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **Bridget Froelich**<br><u>Plaintiff / Petitioner</u> *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>**Tinder, Inc.**<br><u>Defendant / Respondent</u> *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

FILED DATE: 2/8/2024 12:55 PM 2024CH00824

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:** _____

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*   ☐ Sheriff
☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

**FEES**

Service and Return:   $ _____
Miles _____   $ _____
Total   $ 0.00 _____

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 2/8/2024 12:55 PM   2024CH00824